**FILED**

May 20 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

1   100Plus
430 Main Street
2   San Francisco, CA 94107
415.609.7118
3   ryan@100plus.com

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6   JEFFREY KATZ CHIROPRATIC, INC.,              Case No.: 20-cv-02097-RS

7                  Plaintiff,

8   vs.                                          RESPONSE TO PLAINTIFF'S NOTICE OF EX
                                                 PARTE APPLICATION FOR TEMPORARY
9              IBEAT, INC.                        RESTRAINING ORDER AND PRELIMINARY
                                                 INJUNCTION
10                 Defendant

11          In response to the plaintiff's application for temporary restraining order and preliminary, the defendant

12   requests that the court dismissed the application based on the following facts.

13          For background, in July of 2019, the defendant outreach to an employee at the plaintiff's business where

14   the employee gave consent to send a fax to the plaintiff's business. Soon after, the plaintiff filed a class action

15   lawsuit against the defendant. The lawsuit brought upon the defendant has been done so under false pretenses, as the

16   plaintiffs has no other proof or ability to certify a class and is attempting to derive a high dollar settlement from the

17   defendant. The plaintiff has filed many other lawsuits against other businesses, known as TCPA lawsuits, (e.g.

18   *Jeffrey Katz* Chiropractic, *Inc. v. Tivity Health Support, LLC*) and has profited from them.

19          Regarding the claims of harassment under the application of the restraining order:

20   •   To date, the defendant has not been received service in the mentioned lawsuit. The defendant learned about

21       the suit from a third party.

22   •   The defendant does not and cannot afford counsel and therefore reached out to the plaintiff directly to see

23       an amicable resolution could be reached, which is an orthodox practice for a party without counsel.

24   •   The defendant has attempted to call Mr. Katz <u>no more than two times</u> in an attempt to settle the case. The

25       defendant believes this is a reasonable number of calls and would not constitute harassment.

26   •   During both calls the defendant only spoke with the office receptionist, and never the plaintiff. The two

27       parties have never spoken. No contact was made with the plaintiff during the mentioned attempted calls,

28   RESPONSE TO PLAINTIFF'S NOTICE OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION - 1

1   and therefore the claim of "harassment" in the application for restraining order is false, as the two have

2   never exchanged words.

3   • Claims in the application of number calls are false. The plaintiff would be unable to produce telephone

4   records to fortify their claim of additional calls.

5   • The defendant has posted one review on Yelp stating their experience and interaction with Mr. Katz's. The

6   post is truthful, non-libelous, non-threatening, and within Yelp's guidelines and within the defendant's

7   right to share publicly.

8   • Regarding the plaintiff's allegations that "Howard is believed to have posted the following additional

9   negative Yelp.com reviews using "sham aliases," are false. The defendant has no knowledge of posting

10   quoted in the application: *I went and saw "Dr." Katz for chronic back pain. During the visit he was rude*

11   *and did not help my condition at all. Later, I sent him a fax with my medical record. He later filed a lawsuit*

12   *against me for sending him a fax. I am on social security and it cost me $10,000 in attorney's fees to get it*

13   *dismissed. What kind of person does this?"* Furthermore, the plaintiff has a bounty of individuals who have

14   been unsatisfied with their interaction with the plaintiff, dating from before the plaintiff and defendant were

15   introduced. As a result, the plaintiff has numerous of negative reviews on yelp (8 of the 16 total reviews

16   posted for his business are '1 star' and as previously started, the plaintiff has sued multiple business and

17   individuals for sending him faxes (e.g. *Jeffrey Katz* Chiropractic*, Inc. v. Tivity Health Support, LLC)*.

18   Per the court's guidance on restraining orders, the plaintiff would have to experienced being "stalked, harassed,

19   sexually assaulted, threatened, or there have been acts of violence against you." None of these have been identified

20   in the application by the plaintiff, and the two parties have never spoken. The plaintiff is seemingly unhappy that the

21   defendant has shared their litigious nature publicly, which is unfortunate for the plaintiff, but does not constitute

22   harassment or warrant a restraining order. The defendant requests that this application be denied.

23

24   _____

25   Name

26

27

28   RESPONSE TO PLAINTIFF'S NOTICE OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION - 2